# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE<br>1310 L Street, NW, 7th Floor<br>Washington, D.C. 20006<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES DEPARTMENT<br>　OF THE TREASURY,<br>1500 Pennsylvania Avenue, NW<br>Washington, D.C. 20220<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 17-1600 |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff COMPETITIVE ENTERPRISE INSTITUTE ("CEI") for its complaint against Defendant UNITED STATES DEPARTMENT OF THE TREASURY ("Treasury" or "the Agency"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel a response to its April 24, 2017 FOIA request seeking one specific document whose existence is unquestioned, "The letter from The Bank of England and Financial Stability Board head Mark Carney sent to U.S. Treasury Secretary Jacob Lew in September 2014, asking why Berkshire Hathaway Inc.'s reinsurance operation was not included in the Financial Stability Board's provisional list of systemically important financial institutions."

2. Treasury has not provided a substantive response to the request, within the statutory deadline of 20 working days. 5 U.S.C. §552(a)(6)(A)(i). That failure constitutes an improper denial of plaintiff's requests. *See* 5 U.S.C. §552(a)(6)(C)(i).

3. As a result of these denials, pursuant to 5 U.S.C. §552(a)(4)(B)&(6)(C)(i)), CEI has exhausted its administrative remedies, and thus may seek judicial review, through this lawsuit to compel Treasury to produce the responsive record.

## PARTIES

4. Plaintiff CEI is a public policy research and educational institute in Washington, D.C., dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. CEI's programs include research, investigative journalism and publication, as well as a transparency initiative seeking public records relating to environmental policy and how policymakers use public resources.

5. Defendant Treasury is a federal agency headquartered in Washington, D.C.

## JURISDICTION and VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this suit is brought in the District of Columbia, and because plaintiff is located in the District. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because defendant is an agency of the United States.

## FACTUAL BACKGROUND

8. This lawsuit seeks to compel Treasury to respond fully to CEI's April 24, 2017 request.

9. CEI attorney Hans Bader submitted the FOIA request described above on April 24, 2017.

10. On April 25, 2017, Bader received an email from Treasury's Kody H. Kinsley, stating in part, "The request was received and the team will be reaching out."

11. On April 26, Bader received an email from FOIA Case Manager Cawana Pearson granting CEI's request for a fee waiver, and again noting that CEI's FOIA request had been received:

> This letter acknowledges your Freedom of Information Act (FOIA) request dated April 24, 2017, submitted to the Department of the Treasury. You seek "the letter from The Bank of England and Financial Stability Board head Mark Carney sent to U.S. Treasury Secretary Jacob Lew in September 2014, asking why Berkshire Hathaway Inc.'s reinsurance operation was not included in the Financial Stability Board's provisional list of systemically important financial institutions." Treasury's Departmental Offices (DO) has initiated a search for responsive records to your request. We will make every effort to provide you with a timely response. …I have determined you are a "representative of the news media" requester. As a "representative of the news media" requester, you are provided search, review and the first 100 pages at no cost. Duplication of hard copy records below $25 is waived; Treasury will make every effort to transmit your final response via email or CD free of charge as well; therefore your request for a fee waiver is granted.

10. Twenty business days later, CEI still had received no determination in response to its FOIA request, as required by 5 U.S.C. §552(a)(6)(A)(i).

11. To comply with FOIA, the agency's response must, within the 20-day period, "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions," and actual production must follow promptly thereafter. *CREW v. FEC*, 711 F.3d 180, 186 (D.C. Cir. 2013).

12. On June 2, 2017, CEI attorney Bader emailed Treasury's Pearson expressing concern that no response to CEI's FOIA request had been received despite the passage of more than 20 working days, in an email that read in part:

> Please issue a determination on my April 24 FOIA request, No. 2017-04-187, seeking "the letter from The Bank of England and Financial Stability Board head Mark Carney sent to U.S. Treasury Secretary Jacob Lew in September 2014, asking why Berkshire Hathaway Inc.'s reinsurance operation was not included in the Financial Stability Board's provisional list of systemically important financial institutions."
>
> On April 26, Treasury acknowledged receipt of that FOIA request, but rather than indicating whether or not it would produce the requested document within the 20

3

> says that FOIA requires, Treasury merely told me my request was being put in a queue, and would be addressed when the agency got around to it.
>
> The delay makes no sense because Treasury has already searched for and located this document in the past, in response to a virtually identical FOIA request, as my FOIA request specifically noted (As it observed, "The search costs for obtaining this record should be zero or negligible, since a search has already been conducted in response to a FOIA request by Elizabeth Festa of SNL Financial (request no. 2015-05-020), which request was denied in a March 27 letter from Jacqueline Scott."). As Treasury's Jacqueline Scott noted in her March 27 letter to Elizabeth Festa, Festa's request had "been processed under the provisions of the FOIA, 5 U.S.C. § 552, and a reasonable search were conducted for records responsive to [her] request." Thus, the search is already complete, and there is no reason not to produce the document now (if Treasury is willing to produce it) or to issue a determination withholding it (if Treasury is unwilling to produce it).
>
> FOIA requires a response within 20 working days, and that deadline has passed. Yet I still have received no indicating from Treasury as to whether it will provide the requested document, as FOIA requires. Merely acknowledging my request, without saying whether Treasury will produce the document, does not satisfy FOIA's requirements. *See CREW v. FEC*, 711 F.3d 180, 186 (D.C. Cir. 2013)…
>
> Treasury did not cite "unusual circumstances" warranting a ten-day delay, see 5 U.S.C. § 552(a)(6)(B), or seek such a ten-day extension…Even if a delayed response were otherwise acceptable…it would make no sense as to my FOIA request, where the agency has already completed its search for the document in response to a virtually identical request. The agency has already reviewed the record, and already knows where the document is, so it can either produce the document, or withhold based on the same rationale, without the need for any delay in processing….none of those reasons for delay would apply to my request: It would require no search time, since the document is one that Treasury has already located and reviewed in response to a past FOIA request….

13. Treasury possesses the letter from the Bank of England sought in plaintiff's request.

14. The letter was obtained by Treasury in performing its official duties, and is found in Treasury's official case files.

15. Thus, it constitutes an agency record. *See U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).

16. The letter does not fall within any of the nine exemptions to disclosure set forth in 5 U.S.C. § 552(b).

17. Treasury has withheld the letter by not issuing the determination required by FOIA in response to CEI's request.

18. Under the Freedom of Information Act, when an individual submits a request, an agency must respond within 20 working days by issuing a determination about whether it will comply with such request, notifying the requester of "such determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i).

19. 5 U.S.C. § 552(a)(6)(A) states that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii) (I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). Neither circumstance was invoked by Treasury in the instant matter, and neither is applicable in this case.

20. This is especially true because Treasury previously searched for and located this document in the past, in response to a virtually identical earlier FOIA request, meaning it needs no additional time to locate the document.

21. This failure to issue a determination on CEI's request within the statutory deadline constitutes a denial of it by Treasury. *See* 5 U.S.C. §552(a)(6)(C)(i); *Nurse v. Sec'y of the Air Force*, 231 F.Supp.2d 323, 328 (D.D.C. 2002) (FOIA "recognizes a constructive

exhaustion doctrine for purposes of judicial review upon the expiration of… FOIA deadlines.").

22. Accordingly, Treasury has improperly withheld the document requested by plaintiff.

23. CEI asked that Treasury issue a fee waiver, which was duly granted on April 26, after Treasury "determined" that CEI was "a 'representative of the news media' requester." *See* April 26, 2017 email from FOIA Case Manager Cawana Pearson to Bader.

24. Even absent that fee waiver, Treasury still cannot seek any fees for responding to CEI's request, due to its failure to timely response to CEI's request. *See Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011)("'an agency shall not assess search fees . . . if the agency fails to comply with any time limit' of FOIA.'").

## CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF
### Declaratory Judgment

25. Plaintiff re-alleges paragraphs 1-24 as if fully set out herein.

26. Treasury has violated FOIA, as Treasury has failed to provide either the responsive record or a determination on the FOIA request at issue in this case.

27. CEI has a statutory right to the document it seeks, without being assessed fees.

28. Plaintiff asks this Court to enter a judgment declaring that:

  i. Treasury failed to provide the legally-required response and determination required by FOIA in response to CEI's records request;

  ii. The requested Bank of England letter is an agency record subject to release under FOIA;

  iii. Treasury's refusal to produce the requested record was unlawful.

  iv. Treasury is not entitled to charge any search or duplication fees for responding to CEI's request.

**SECOND CLAIM FOR RELIEF**
**Injunctive Relief**

29. Plaintiff re-alleges paragraphs 1-28 as if fully set out herein.

30. CEI is entitled to injunctive relief compelling Treasury to issue a determination in response to CEI's request.

31. CEI is entitled to injunctive relief compelling Treasury to produce the Bank of England letter sought by CEI's FOIA request.

**THIRD CLAIM FOR RELIEF**
**Seeking Costs and Fees**

32. Plaintiff re-alleges paragraphs 1-31 as if fully set out herein.

33. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

34. CEI is statutorily entitled to recover fees and costs incurred as a result of Treasury's refusal to fulfill the FOIA request at issue in this case.

35. Plaintiff asks the Court to order Treasury to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

Respectfully submitted this 9th day of August, 2017,

   /s/ Hans Bader
Hans Bader
D.C. Bar No. 466545
Sam Kazman
D.C. Bar No. 946376
1310 L Street NW, 7th Floor
Washington, DC 20006
(202) 331-2278

ATTORNEYS FOR PLAINTIFF